STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMIE A. MAYNARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-339 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| PATRICIA CARUSO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, I recommend that the Court dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is incarcerated in the West Shoreline Correctional Facility (MTF). In his *pro se* complaint, he sues Patricia Caruso, Director of the Michigan Department of Corrections (MDOC); Mary Berghuis, MTF Warden; Terry Stewart, MTF Inspector; Bonnie Lewis, MTF Grievance Coordinator; (unknown) Cummings, MTF Assistant Resident Unit Manager; and Brent Boeskool, MTF Resident Unit Officer.

Plaintiff's complaint concerns the seizure and destruction of a portion of his legal property. Plaintiff claims that on December 21, 2005, Defendant Boeskool searched Plaintiff's cell and seized some of his legal property. Boeskool gave Plaintiff a contraband removal record stating that the materials concerned the Uniform Commercial Code (UCC). Pursuant to Director's Office Memorandum (DOM) 2005-4 (Fraudulent Activities Involving the Uniform Commercial Code), ". . . prisoners are no longer authorized to have any books, pamphlets, forms or other materials regarding actions that can be taken under the UCC; these materials shall be considered contraband since they can be used to facilitate criminal activity and pose a risk to the custody and security of the facility." The DOM specified that the prohibition did not include ". . . publications in the law library, such as Michigan Complied Laws Annotated, that set forth the statue or provide a scholarly legal analysis of the UCC." DOM 2005-4 lapsed in 2006 because the prohibition on UCC materials was incorporated into the MDOC policy directives. *See, e.g.*, MICH. DEP'T. OF CORR., Policy Directive 05.03.118(HH)(23) (effective Jan. 1, 2006) (prohibiting incoming mail regarding actions that can be taken under the UCC which could be used to harass or threaten another individual, including the filing of a lien against another individual).

On January 24, 2006, Defendant Stewart wrote a Notice of Intent to Conduct an Administrative Hearing (NOI), stating that the documents seized from Plaintiff constituted UCC materials prohibited by DOM 2005-4. *See* NOI, Exhibit 5. The administrative hearing was conducted by Defendant Cummings on February 28, 2006. Cummings concluded that the documents concerned the UCC and violated DOM 2005-4 because they were intended to assist Plaintiff and other prisoners with the commission of felonious activity. *See* Administrative Hr'g Report, Ex. 9. Accordingly, Cummings ordered that the papers, documents and forms should be destroyed.

Plaintiff claims that he was deprived of his property in violation of his Fourteenth Amendment equal protection and due process rights. He further claims that the seizure of his legal property violated his First Amendment right of access to the court. Plaintiff also claims that Defendants violated state law and MDOC policy directives. Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages of $550.00.

II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective Dec. 19, 2003). Plaintiff filed a Step I grievance concerning the seizure of his property. *See* MTF 06-01-048-19A, Ex. 3. Plaintiff claims that he appealed his grievance to Step III, but never received a Step III response. Plaintiff named only Defendants Stewart and Boeskool in his grievance. Plaintiff, therefore, properly exhausted his administrative remedies with regard to Defendants Stewart and Boeskool. Because Plaintiff fails to allege or show that he specifically mentioned Defendants Caruso, Berghuis, Lewis and Cummings in his grievance, he failed to exhaust his claims against them. *Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver*, 2002 WL 31166925, at *2.

Because Plaintiff's complaint is a "mixed complaint," alleging both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or to dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule. In *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), the Sixth Circuit addressed whether § 1997e(a) requires a "mixed complaint" to be completely dismissed for lack of exhaustion. The same issue had been reserved by the court five years earlier in *Knuckles El*, 215 F.3d at 642

("[w]e reserve to another day the question of whether exhausted claims in a 'mixed' complaint should be addressed when such claims otherwise meet the pleading requirements or whether such a complaint should be dismissed in its entirety."). The *Jones Bey* panel adopted the total exhaustion rule in a 2-to-1 decision. The *Jones Bey* majority relied heavily on the plain language of the statute, which states that no "action" shall be brought in federal court, rather than no "claim." *Jones Bey,* 407 F.3d at 807. In addition, the majority held that the total exhaustion rule was consistent with the policies underlying the PLRA. *Id.* at 807-08. The Court further noted that two other circuits, the Eighth Circuit and the Tenth Circuit, have also adopted the total exhaustion rule. *Id.* at 806.

In reaching their decision, the *Jones Bey* majority noted that the Sixth Circuit's previous cases addressing PLRA exhaustion were somewhat inconsistent, which resulted in a split among the district courts, on the "total/partial" exhaustion question. *Jones Bey*, 407 F.3d at 806. The majority expressly rejected the argument made by the dissent that the issue had been decided to the contrary in *Hartsfield v. Vidor*, 199 F.3d 305 (1999). *Jones Bey,* 407 F.3d at 806-07. In *Hartsfield*, the plaintiff's complaint alleged misconduct by five prison officials; however, the plaintiff only exhausted his administrative remedies against three defendants. *Harstfield*, 199 F.3d at 308-10. Without addressing the issue of total exhaustion, the Sixth Circuit held in *Hartsfield* that the exhausted claims could be addressed on the merits while the unexhausted claims could be dismissed without prejudice. *Hartsfield*, 199 F.3d at 310. In addition to the fact that the *Hartsfield* panel did not discuss the total/partial exhaustion issue, the *Jones Bey* majority noted that the author of the *Hartsfield* decision also authored the subsequent decision of *Knuckles El*, 215 F.3d at 642, in which the Court "reserve[d] for another day" the question whether mixed complaints should be dismissed in their entirety. *Id.* at 806-07.

Recently, a panel of the Sixth Circuit held that *Hartsfield*, not *Jones Bey* is the law of the Circuit. *See Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006). With regard to the *Jones Bey* decision, the *Spencer* panel stated:

> We are therefore confronted with an issue that has recently vexed this court: when a prisoner submits a mixed complaint, do we apply a rule of partial exhaustion that permits his exhausted claims to proceed or a rule of total exhaustion that requires the entire complaint to be dismissed? We faced a similar situation in *Hartsfield v. Vidor,* 199 F.3d 305 (6th Cir. 1999). There, the prisoner had exhausted his Eighth Amendment claim against three defendants but had failed to exhaust his claim against two others. *Id.* at 309. We dismissed without prejudice the unexhausted claims and reached the merits of the exhausted claims. *Id.* at 309-10.
>
> . . .
>
> A panel of this court recently seized upon the implicit nature of this [*Hartsfield*] holding in deeming the issue "an open question in this circuit" even after *Hartsfield.* [*Jones*] *Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir.2005), *petition for cert. filed,* 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874). It then purported to "definitively answer" the question by requiring the total dismissal of mixed complaints. *Id.; accord Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006). The *Bey* panel was apparently unaware, however, that we had already explicitly reaffirmed *Hartsfield*'s implicit partial-exhaustion holding *two years before Bey* was decided. In *Burton v. Jones,* we explained that "the *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under § 1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant." 321 F.3d at 574 n.2. In other words, there was no need for *Bey* to "definitively answer" the question, as *Hartsfield* and *Burton,* taken together, had already done so.

*Spencer*, 449 F.3d at 726. The court stated that "[b]ecause *Hartsfield* and *Burton* were decided before *Bey,*" the partial-exhaustion rule is necessarily the law of the Sixth Circuit. *Id.* The same three Judges who were on the *Spencer* panel issued a subsequent decision relying on *Spencer* to reverse the district court's application of the total exhaustion rule. *See Bell v. Konteh*, No. 05-3503, 2006 WL 1651662, at *2-3 (6th Cir. June 16, 2006).

Where the Court of Appeals has allowed two conflicting lines of cases to develop, it can only cause confusion in the trial courts which must, of course, choose one of the two to follow. I find that *Spencer* and *Konteh* are without precedential value under the Sixth Circuit's own rules, and thus am constrained to respectfully recommend that this court continue to follow the Sixth Circuit's decision in *Jones Bey*. Under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309-10 (6th Cir. 2001) (discussing the effect of published opinions by previous panels)); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("[A] panel of this [c]ourt cannot overrule the decision of another panel."); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("[c]ourt en banc consideration is required to overrule a published opinion of the court." (quoting 6TH CIR. R. 206(c))).

In this case, the prior decision is *Jones Bey*, not *Hartsfield*. As stated above, *Jones Bey* held that a "mixed complaint" must be completely dismissed for lack of total exhaustion. Both the opinion and ruling of the *Jones Bey* panel addressed the issue head-on, and the decision to follow the total exhaustion rule is unequivocal. *Hartsfield,* on the other hand, neither explicitly addressed (*see Jones Bey, supra*), nor intended to explicitly address (*see Knuckles El, supra* at 642) the total exhaustion rule. *Burton v. Jones, supra,* the remaining case relied upon in *Spencer* as necessary to its assertion that precedent existed regarding this issue prior to *Jones Bey, supra,* only mentions the total exhaustion issue in passing, as *dicta,* in a footnote. The footnote was not necessary to a resolution of *Burton v. Jones.*

Moreover, on a slightly different but equally persuasive note, the question of whether issues which lurk in the record, but are not explicitly ruled on, even <u>could</u> constitute precedents, had already been decided in the negative before the *Spencer* decision was rendered. *See Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006), in which the court explicitly stated that *Hartsfield* did not decide the partial exhaustion issue:

> Today we make clear that <u>we continue to subscribe to the long-held standard that '[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.</u>' *Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 559 (6th Cir. 2004) (quoting *Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925)). Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield,* that case did not address nor decide the issue so as to be binding upon this court. By contrast, *Jones Bey* definitively answered the question presented here and we now follow it.

*Id.* (emphasis added). In light of *Rinard v. Luoma,* it is difficult to understand how the appellate court in *Spencer* could subsequently cobble together a decision where the issue only "lurked" (*see Hartsfield, supra*), together with *dicta* contained in a footnote to another case (*see Burton v. Jones, supra*), and consider the sum of the two to constitute precedent. This ruling redefines the <u>process</u> of arriving at a precedent, as described in *Rinard* and the cases cited therein, and appears to be contrary to Rule 206(c) for this reason, as well as because it sought to overrule *Jones Bey* on the issue of total exhaustion.

For both of these reasons, this Court must necessarily follow the precedent set by *Jones Bey* until and unless the Supreme Court of the United States[2] or an *en banc* panel of the Sixth Circuit determines that the partial exhaustion rule applies to prisoner civil rights actions.

---

[2] The Supreme Court has granted certiorari to resolve the partial/total exhaustion issue. *Williams v. Overton,* 126 S. Ct. 1463 (2006); *Jones v. Bock,* 126 S. Ct. 1462 (2006).

- 8 -

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court should dismiss his action without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I respectfully recommend that Plaintiff's complaint be dismissed without prejudice for failure to demonstrate exhaustion as required by 42 U.S.C. § 1997e(a).


Dated:  August 3, 2006                     /s/ Hugh W. Brenneman, Jr.
                                           Hugh W. Brenneman, Jr.
                                           United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).